UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GABRIELA ROSALES, on behalf of
herself and others similarly situated

   Plaintiff,

v.            Case No:  2:15-cv-711-FtM-38CM

EL MICHOACANA LLC,

   Defendant.

_____

REPORT AND RECOMMENDATION[1]

  This matter comes before the Court upon review of Plaintiff's Unopposed Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Doc. 16).[2]  Defendant El Michoacana, LLC, a Florida Limited Liability Company, d/b/a El Tarasco Mexican Restaurant, does not object the requested relief.  Doc. 16 at 1, 15.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

I.    **Background**

On November 13, 2015, Plaintiff Gabriela Rosales, on behalf of herself and other employees and former employees similarly situated, filed a Complaint under the Fair Labor Standards Act ("FLSA") against Defendant.   Doc. 1.   Defendant runs a restaurant located in Cape Coral, Florida.   Doc. 1 ¶ 13; Doc. 16 at 1.   Plaintiff alleges that on or about April 1, 2013, Defendant hired Plaintiff to work as a non-exempt, hourly-paid server.   Doc. 1 ¶ 13.

Since filing of the Complaint (Doc. 1), three other similarly situated individuals have come forward to join this action.   Doc. 16 at 2.   Plaintiff and three opt-in plaintiffs assert that Defendant (1) did not pay an overtime premium for hours they worked in excess of forty (40) hours per week and (2) forced tipped employees to share their tips with non-tipped employees.   Doc. 16 at 2.   Furthermore, several of them argue that they had to pay $70.00 per week to non-tipped employees.   Doc. 16 at 3. Plaintiff seeks conditional certification on behalf of "all servers who worked for Defendant at its SW Pine Island Road location in the three years preceding the filing of the Complaint to the date notice is mailed in this matter."   Doc. 16 at 3.

Based on a review of the record and the relevant legal authority, the Court recommends that this matter is appropriate for conditional certification; however, the class is inadequately defined and the proposed Notice is deficient.   Accordingly, the Court recommends that the parties be ordered to confer and submit an agreed proposed Notice for the Court's consideration and approval.

## II.   Legal Standard and Analysis

### a. *Conditional Certification under Section 216(b)*

An FLSA action for overtime pay can be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action under Fed. R. Civ. P. 23, prospective plaintiffs in an FLSA action must expressly consent to join the class. 29 U.S.C. § 216(b) (providing "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The Eleventh Circuit has recommended a two-tiered approach to determine whether to certify a collective action under section 216(b). *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial.

*Id.* (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir.1995)).   The decision to create an opt-in class lies within the discretion of the district court. *Id.* at 1219.

At the notice stage, relevant here, Plaintiff must show a reasonable basis for her claim that there are other similarly situated employees. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). In determining whether employees are similarly situated, the Court must consider whether the employees are similar with respect to their job requirements and pay provisions. *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Plaintiff only needs to demonstrate that her position is similar, not identical, to the positions held by the putative plaintiffs. *Morgan*, 551 F.3d at 1260 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). Although the standard is fairly lenient, "there must be more than only counsel's unsupported assertions that FLSA violations are widespread and that additional plaintiffs would come [forward]." *Morgan*, 551 F.3d at 1261 (citing *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)). Additionally, "[t]he district court should satisfy itself that there are other employees . . . who desire to opt-in." *Dybach*, 942 F.2d at 1567. "Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees." *Hart v. JPMorgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012).

Here, Plaintiff relies on her complaint and sworn declarations by her and three opt-in plaintiffs. Doc. 16 at 7. As noted, the Complaint alleges widespread violations for failure to pay overtime at the applicable overtime rate and failure to pay the statutory minimum wage for all hours worked. Doc. 1 ¶¶ 20, 23, 31. The

Complaint further alleges that Defendant forced its servers to share tips with other non-tipped employees as part of an illegal tip pool arrangement.  Doc. 1 ¶ 23.

Since the filing of the Complaint, three opt-in plaintiffs have filed consents to join this lawsuit.  Doc. 5-1; Doc. 8-1; Doc. 11-1; Doc. 16-1.  Each consent states, in identical form, "I am similarly-situated to the named Plaintiff in this matter because I performed similar duties for [] Defendant and was paid in the same regard as the named Plaintiff[.]"  Doc. 5-1; Doc. 8-1; Doc. 11-1; Doc. 16-1.  The declarations by Plaintiff and three opt-in plaintiffs provide more details.  In substantially similar form, each declarant states that each "worked at El Tarasco as a Server."  Doc. 16-2. Each declaration states that his or her job duty was "to take orders and attend to the customers."  Doc. 16-2 at 2, 6, 10, 14.  Moreover, the declarants state that they regularly worked over forty hours per week; however, they were not paid for all overtime hours.  Doc. 16-2 at 3, 6, 10-11, 14.  For those hours in which they were paid, they were compensated at their regular hourly rate.  Doc. 16-2 at 11.  Three declarants further state that they had to pay $70 per week from their tips to non-tipped employees.  Doc. 16-2 at 3, 7, 11.  The declarants state that it was Defendant's general policy to force its employees to share tips and not to pay overtime. Doc. 16-2 at 3, 8, 11, 14.  Two declarants state that they believe, if given notice, other employees would join the lawsuit.  Doc. 16-2 at 3, 15.

Upon review of the pleadings, exhibits, and consent forms, the Court finds sufficient evidence that there are similarly situated individuals as Plaintiff employed by Defendant who have similar job requirements and pay provisions as Plaintiff.

Other cases in this division have relied upon similar evidence and found it sufficient to warrant conditional certification.   For example, in *Kirk v. Dr. Goodroof, Inc.*, No. 2:14-cv-639-FtM-29CM, 2015 WL 1138445, at *2-3 (M.D. Fla. Mar. 13, 2015), the court found the following evidence as sufficient for granting conditional certification: (1) the fact that one individual jointed the lawsuit; (2) the plaintiff's and the opt-in plaintiff's testimony that all of the defendant's employees were subject to the same employment policies; (3) the plaintiff's and opt-in plaintiff's testimony that they know of other employees who did not receive proper overtime and minimum wage compensation; and (4) their testimony that they know if other hourly employees of the defendant get notice of the lawsuit, they would join.   *See also Scheall v. Nicaea Acad., Inc.*, No. 2:14-cv-653-FtM-29DN, 2015 WL 3991041, at *2 (M.D. Fla. June 30, 2015) (similar).

The Court also is satisfied that that there are other employees who desire to opt-in.   The court has held that the consents of two opt-in plaintiffs and the plaintiff's declaration was sufficient reasonable basis to believe there are other employees who may desire to opt-in.   *Teahl v. The Lazy Flamingo, Inc.*, No. 2:13-cv-833-FtM-38CM, 2015 WL 179367, at *6 (M.D. Fla. Jan. 14, 2015) (citing *Robbins–Pagel v. Puckett*, No. 6:05-cv-1582-Orl-31DAB, 2006 WL 3393706, at *2 (M.D. Fla. Nov.22, 2006) ("Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation.")).   Accordingly, under the "fairly

lenient standard[,]" and in the Court's discretion, notice of this action should be given to potential class members.[3]   *See Hipp*, 252 F.3d at 1218-19.

To meet her burden at the notice stage, Plaintiff must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary."   *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (citation omitted); *see also Hipp*, 252 F.3d at 1218.   Here, Defendant did not submit any affidavit and does not oppose the present motion, and Plaintiff has submitted the declarations by her and three opt-in plaintiffs.   Doc. 16 at 15; Doc. 16-2.   There are four similar declarations, made under penalty of perjury and based upon personal knowledge of the declarants, that identify the job description (i.e., taking orders and attending to the customers), describe the duration of the declarants' employment (including any breaks in employment), and explain the routine work schedule and payment structure.   Doc. 16-2.   Two declarants also state that they believe others similarly situated would join this lawsuit.   Doc. 16-2 at 3, 15.

Moreover, the fact remains that the parties have not completed discovery, and both sides have not had an opportunity to fully investigate the relevant facts.   *See Simpkins v. Pulte Home Corp.*, No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *6 (M.D. Fla. Aug. 21, 2008).   As one court observed, "[i]n all but a handful of cases, the individual factual analysis is saved for the second stage of certification."   *Id.* at *5. Typically, in cases where discovery already has been completed, a more searching inquiry may be appropriate at the notice stage because both sides have had a chance

---

[3] The Court will address the proposed definition of the class in section III, *infra*.

to develop the factual record. *Id.* That is not the procedural posture of the case here. Once the parties complete discovery, these arguments may be raised on a motion for decertification.

The Eleventh Circuit has held that the "similarly situated" requirement does not require a common decision, policy, practice or plan. In *Grayson*, the court specifically held that "a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)." 79 F.3d at 1095. The Eleventh Circuit later reaffirmed in *Hipp* that such a unified policy, plan, or scheme may not be required to satisfy the liberal standard of section 216(b). *See* 252 F.3d at 1219. District courts in this circuit have held that although the Eleventh Circuit does not require a common or unified policy or plan for conditional certification, the existence of such policy or plan is relevant to the Court's exercise of discretion in granting conditional certification in order to satisfy the rationale of a collective action, which is to preserve judicial economy. *See e.g.*, *Robinson v. Dolgencorp, Inc.*, No. 5:06-cv-122-Oc-10GRJ, 2006 WL 3360944, at *6 (M.D. Fla. Nov. 13, 2006); *Barron v. Henry Cty. Sch. Sys.*, 242 F. Supp. 2d 1096, 1102 (M.D. Ala. 2003). Thus, allegations regarding such a common policy or plan provide a reasonable basis for granting conditional certification. Here, the Complaint and the declarations specifically state that Defendant has a common policy not to pay overtime or to require its employees to share tips with other employees. Doc. 1 ¶ 23; Doc. 16-2 at 3, 7, 11, 14. The Court finds this, along with the remaining declarations, to be sufficient.

b. *Content and Dissemination of the Notice*

Having found that this matter is appropriate for conditional certification, the Court turns to the approval and dissemination of the Notice. Plaintiff filed a proposed Notice as an exhibit to her motion. Doc. 16-3. Defendant does not object to the Notice. Doc. 16 at 10.

Court-authorized notice in class actions can help prevent "misleading communications, and "ensure that [the notice] is timely, accurate, and informative." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989). The Supreme Court has declined to determine the form or content of the court-approved notice and instead has delegated these tasks to the district court's broad discretion. *Id.* at 171 ("Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of the district court to begin its involvement early, and at the point of the initial notice, rather than at some later time.").

First, the Court rejects Plaintiff's proposed definition of the class in the motion for conditional certification as inadequately defined and insufficiently broad. Plaintiff has offered two inconsistent definitions. Doc. 16 at 3, 15. The Notice reads: "If you are or were a SERVER for EL TARASCO MEXICAN RESTAURANT at its SW Pine Island Rd., Cape Coral location at any time from NOVEMBER 2012 to JUNE 2015 and were not paid all of the overtime compensation to which you are entitled, for hours worked over forty (40) in a week, and/or were forced to participate in a tip pool wherein you had to share your tips with non-tipped employees, a

collective action may affect your rights." Doc. 16-3. Plaintiff's Complaint and motion for conditional certification also allege that servers were not paid overtime premiums for overtime hours worked, and a declarant states that when they were compensated, they were compensated at their regular rate. *See e.g.*, Doc. 1 at 4-5; Doc. 16 at 2; Doc. 16-2 at 11. The class definition in the motion, however, is not limited to these individuals. As noted, Plaintiff's motion seeks to define the class as "all servers who worked for Defendant at its SW Pine Island location in the three years preceding to the date notice is mailed in this matter." Doc. 16 at 3, 15. The definition would include anyone who worked overtime, even if they were lawfully compensated. Doc. 16 at 3, 15. Furthermore, the temporal scope of the definition does not match that of the Notice because the Notice targets all servers employed between November 2012 and June 2015 whereas the definition in the motion covers the three years preceding to the date notice is mailed in this matter. Doc. 16 at 3, 15; Doc. 16-3.

As for the Notice definition, the Supreme Court has cautioned that "courts must be scrupulous to respect judicial neutrality; to that end, trial courts must take care to avoid even appearance of judicial endorsement of merits of action." *Hoffman La-Roche, Inc.*, 493 U.S. at 174. Here, the Notice runs afoul of this cautionary language when it reads "overtime compensation to which you are entitled." Doc. 16-3 at 2. The Notice should be amended accordingly.

Lastly, Plaintiff seeks to send the Notice to all servers employed between November 2012 and June 2015.[4]   Doc. 16 at 13.   Willful FLSA violations are subject to a three-year statute of limitations.   29 U.S.C. § 255(a).   The Complaint alleges that Defendant willfully violated the FLSA.   Doc. 1 ¶ 28.   "If the plaintiff is a named party in the complaint, a FLSA action is deemed commenced upon the filing of the complaint; if the plaintiff is not named in the complaint, the action is deemed commenced upon the filing of a written consent to join the action."   *Love v. Phillips Oil, Inc.*, No. 3:08cv92/MCR/MD, 2008 WL 5157677, at *1 (N.D. Fla. Dec. 9, 2008). Thus, a server should be able to file a consent to join this lawsuit in order to pursue a claim for an FLSA violation that occurred within three years prior to the filing of his or her consent to join.   *See Abdul-Rasheed v. KableLink Comm., LLC*, No. 8:13-cv-879-T-24, 2013 WL 5954785, at *3 (M.D. Fla. Nov. 7, 2013).   The Court should allow notice to be sent to servers that worked for Defendant in Florida within the last three years prior to the date the Notice is mailed.   *Id.; see also Gutescu v. Carey Int'l, Inc.*, No. 01-4026-CIV-MARTINEZ, 2003 WL 25586749, at *17–18 (S.D. Fla. July 21, 2003) (concluding that the notice should reflect a three-year period from the date that the notice was sent, not from the date that the complaint was filed).   The parties should adjust the period in the proposed Notice to reflect the last three years prior to the date the Notice is mailed.

---

[4] Plaintiff filed the Complaint on November 13, 2015.   Doc. 1.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1.   Plaintiff's Unopposed Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Doc. 16) be **GRANTED in part and denied in part**, as set forth herein.

2.   If the motion is granted, the Court further recommends the following procedures and deadlines for approval and dissemination of the Notice:

      a)   Within fourteen days from the date of the order, Plaintiff and Defendants confer and file an agreed proposed Notice consistent with this Report and Recommendation for the Court's approval.

      b)   Within (30) thirty days of the Court's approval of the proposed Notice, Plaintiff be responsible for sending the approved Notice to all potential collective members by first class mail.

      c)   That all opt-in collective members be required to return the consent form to Plaintiff's counsel with a postmark date no later than sixty (60) days after the Notice is provided.

      d)   Plaintiff's counsel furnish a copy of all consents received to defense counsel and maintain the originals.

      e)   Plaintiff's counsel file one pleading identifying each opt-in collective member and his or her address within ten days of the expiration of the sixty (60) day opt-in deadline.

**DONE** and **ENTERED** in Fort Myers, Florida on this 20th day of October, 2016.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record