UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GABRIELA ROSALES, on behalf of
herself and others similarly situated

      Plaintiff,

v.                                        Case No: 2:15-cv-711-FtM-38CM

EL MICHOACANA LLC,

      Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion to Approve Settlement and Dismiss with Prejudice (Doc. 37) filed on August 25, 2017. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims. Doc. 37. The parties provided for the Court's review a copy of the Settlement Agreement and Plaintiffs's [sic] Full and Final Release of Claims for Unpaid Wages. Doc. 37-1. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the

opinions of the counsel. *See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at \*2 (M.D. Fla. June 24, 2014).

On November 13, 2015, Plaintiff Gabriela Rosales, on behalf of herself and other employees and former employees similarly situated, filed a Complaint under the FLSA against Defendant. Doc. 1. Defendant runs a restaurant located in Cape Coral, Florida. *Id.* ¶ 13. Plaintiff alleges that on or about April 1, 2013, Defendant hired Plaintiff to work as a non-exempt, hourly-paid server. *Id.* Plaintiff claims that Defendant forced tipped employees to share their tips with non-tipped employees and did not pay an overtime premium for hours worked in excess of forty (40) hours per week. *Id.* ¶¶ 23, 31. Plaintiff further alleges that Defendant did not pay minimum wages or maintain proper time records required under the FLSA. *Id.* ¶ 33. Since filing the Complaint, three other similarly situated individuals[2] have joined this action. Doc. 5; Doc. 8; Doc. 11; Doc. 34.

On March 16, 2016, Plaintiff sought conditional certification of a class on behalf of "all servers who worked for Defendant at its SW Pine Island Road location in the three years preceding the filing of the Complaint to the date notice is mailed in this matter." Doc. 16 at 3. Plaintiff also provided a copy of the proposed Notice to be disseminated to putative class members. Doc. 16-3. On October 20, 2016, the undersigned recommended that the motion be granted in part and denied in part and

---

[2] Gerardo Ayala, an opt-in plaintiff who filed a consent to join this action on February 25, 2016, withdrew his consent on July 18, 2017. Doc. 11; Doc. 34. Accordingly, Plaintiff and two opt-in plaintiffs (collectively, "Plaintiffs") remain in this action.

the parties amend the proposed Notice consistent with the findings made in the Report and Recommendation. Doc. 26. On December 2, 2016, United States District Judge Sheri Polster Chappell accepted and adopted the Report and Recommendation and directed the parties to submit an amended Notice as instructed in the Order. Doc. 27. On March 20, 2017, the parties jointly submitted a Notice for the Court's review, which Judge Chappell approved on April 5, 2017.[3] Doc. 28; Doc. 30. On August 25, 2017, the parties jointly moved for the Court's approval of their settlement agreement. Doc. 37.

In the proposed settlement agreement, Defendant agrees to pay Plaintiffs a settlement amount totaling twenty-nine thousand two hundred eighty dollars and ninety-eight cents ($29,280.98) in consideration of Plaintiffs' underlying claims for unpaid wages and liquidated damages. Doc. 37 at 6; Doc. 37-1 ¶ 3. Defendant also will pay to Plaintiffs' counsel the sum of twenty-five thousand dollars ($25,000.00) as reasonable attorney's fees and costs, which were negotiated separately from the amount of settlement funds to be paid to Plaintiffs. Doc. 37 at 6; Doc. 37-1 ¶ 3.

The parties state that Plaintiffs will receive 75% of their claimed damages in addition to full liquidated damages sought. Doc. 37 at 5. The parties state that they reached the settlement after conducting sufficient discovery and exchanging enough information to evaluate their claims and defenses. *Id.* Plaintiffs represent

---

[3] Before the Court issued any ruling on Plaintiff's motion for class certification, the Department of Labor initiated a lawsuit against Defendant involving the same class of employees. Doc. 30 at 2. As a result, the parties also jointly requested to stay the issuance of the Notice for ninety (90) days because of their ongoing settlement negotiations in the lawsuit brought by the Department of Labor, which Judge Chappell granted. Doc. 29; Doc. 30.

that the negotiated amount of settlement funds to be paid to them is reasonable in light of their burden to prove uncompensated hours worked and Defendant's financial condition and continuing claims with the Department of Labor. *Id.* The parties also allege that further litigation could lead to Defendant's insolvency. *Id.* In light of Plaintiffs' burden, uncertainty of litigation and Defendant's financial condition, the parties state that the settlement amount is a fair and reasonable compromise of Plaintiffs' FLSA claims. *Id.* at 5-6.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court would be inclined to find the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond*, 2014 WL 2861483.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are

addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs. Doc. 37 at 6. As noted, as part of the settlement, Defendant agree to pay Plaintiffs' attorney's fees and costs in the amount of $25,000.00. Doc. 37-1 ¶ 3. Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion to Approve Settlement and Dismiss with Prejudice (Doc. 37) be **GRANTED** and the Settlement Agreement and Plaintiffs's [sic] Full and Final Release of Claims for Unpaid Wages be **APPROVED**.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiffs.

**DONE** and **ENTERED** in Fort Myers, Florida on this 28th day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record